EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0610
     Facsimile: (213) 894-0142
     E-mail:    christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 14-267-MWF |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT MICHAEL CARRANZA |
| v. | |
| MICHAEL CARRANZA, | Sent. Date: 09/21/2015<br>Sent. Time: 1:30 p.m |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Christopher K. Pelham, hereby files it sentencing position as to defendant MICHAEL THOMAS CARRANZA ("defendant") in the above-captioned case.

This sentencing position brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

For the reasons set forth in the attached memorandum, the government believes that defendant should be sentenced to a term of imprisonment of **120 months**, and in all other respects as recommended by the Probation Office.

Dated: August 5, 2015                    Respectfully submitted,

                                         EILEEN M. DECKER
                                         United States Attorney

                                         LAWRENCE S. MIDDLETON
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                                /s/
                                         ─────────────────────────────
                                         CHRISTOPHER K. PELHAM
                                         Assistant United States Attorney

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND FACTUAL BACKGROUND**

On January 14, 2015, defendant pleaded guilty to one count of conspiracy to traffic methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  Under his plea agreement with the government, defendant stipulated and admitted that between at least December 2011 and April 2012, he agreed with others to distribute methamphetamine and cocaine throughout parts of California.  Defendant admitted that he "would purchase [these drugs] from various large-volume suppliers and then resell those drugs in and around Culver City, California."  Defendant admitted that in furtherance of the conspiracy he purchased both a pound of methamphetamine and a kilogram of cocaine, on separate occasions, for resale.

In the Plea Agreement, defendant and the government agreed that defendant's conduct implicates base offense level 32 under (the pre-April 2014 amendments) Sentencing Guidelines § 2D1.1(c)(4).  They further agreed, however, that if defendant were found to be a Career Offender under U.S.S.G. § 4B1.1, the Court should not apply the career offender guidelines because they would "result in a sentence greater than necessary to serve the objectives of 18 U.S.C. § 3553."

For the reasons stated below, the government recommends that the Court sentence defendant to the mandatory minimum term of 120 months imprisonment.

**II.   FINDINGS AND RECOMMENDATIONS OF THE PROBATION OFFICE**

The Probation Office concurred that defendant's conduct implicated a base offense level of 30 (using the post-amendment 2014 Sentencing Guidelines).  (PSR ¶¶ 21-23.)  The Probation Office further found, however, that defendant was a career offender and that

his prior felony convictions included a 1997 drug trafficking offense (PSR ¶ 33), a 1997 robbery (PSR ¶ 34), and a 2004 drug trafficking offense (PSR ¶ 35). Accordingly, the Probation Office calculated defendant's total offense level as 34 and his criminal history category as VI. (PSR ¶¶ 36-39.) This invokes a sentencing range of 262 to 327 months. (PSR at p. 3.) The Probation Office recommended the low-end sentence of 262 months.

The Probation Office considered whether defendant presented suitable grounds for a variance, and determined that he did not. The Probation Office emphasized in its cover letter that defendant "has a criminal history that dates back almost 30 years, with crimes including multiple drug sale convictions and at least one crime of violence." The Probation Office also indicated that defendant did not appear to be fully candid about his employment history, and appeared to claim that he was working during periods in which he was actually in custody. (PSR ¶¶ 94-100.) The Probation Office noted that while defendant has started his own business (notably, according to the financial statements provided at pages 21-23 of the PSR, defendant has been able to generate good revenue from that business), he became involved in drug trafficking very shortly after establishing that business.

**III. CO-DEFENDANTS' SENTENCES**

The Court must consider the co-defendants' sentences when determining defendant's punishment. This chart shows the Court's sentencing calculations to date in this case.

///

///

///

| Co-Defendant | Post-Acceptance Base O.L. (as calculated in PSR) | CHC (PSR) | Sentence |
|---|---|---|---|
| GARCIA (5) | 29 | III | 78 mos. |
| BIRGILIO FLORES (7) | 25 | II | Sent. pending |
| MIGUEL FLORES (8) | 12 | IV | Time served (about 6 months) |
| ANAYA (11) | 27 | I | 24 mos. |
| YUCUPICIO (12) | 29 | I | Sent. pending |

Defendant has the most significant criminal history in the case, and is the only one classified as a career offender.

**IV.  GOVERNMENT'S RECOMMENDATION**

Consistent with Paragraph 16 of the Plea Agreement, the government respectfully persists in its recommendation that the Court impose a sentence of 120 months.  The government concurs with the Probation Office's determination that defendant is a career offender, and does not dispute the facts of the underlying convictions or the aggravating factors identified in the PSR.  The government emphasizes the following, however.  First, it is relevant that the government's recommended sentence is twice as long as the longest term of custody to which defendant has been previously sentenced (that is, five years in 1997 for defendant's robbery conviction).  (PSR ¶ 47.)  The government believes that a 10-year sentence will be minimally sufficient to remind defendant, and others, of the seriousness of his crime and the consequences of a lengthy criminal history.

Second, the government believes that although defendant does not appear to have been fully candid about his employment and employment income with either the Probation Office or the Internal Revenue

3

Service, it is not disputed that defendant has started a plumbing business that did generate revenue.  (PSR ¶ 94.)  It is also undisputed that defendant completed an educational course in pretrial custody.  (PSR ¶ 92.)  The government believes that these characteristics, which are relatively unique among individuals convicted of this type of offense, demonstrate that there is hope that defendant can be rehabilitated after serving a lengthy 10-year sentence.  Defendant has demonstrated an interest in providing financial support to his family through lawful engagement.

    Finally, although defendant is a career offender under the terms of the Sentencing Guidelines, a 262-month sentence would effect a dramatic disparity relative to the co-defendants of this case.