STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOHER K. PELHAM (Cal. Bar No. 241068)
Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0610
     Facsimile:  (213) 894-0142
     E-mail:    christopher.pelham@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>MICHAEL THOMAS CARRANZA,<br><br>             Defendant. | No. CR 14-267-MWF<br><br>PLEA AGREEMENT FOR DEFENDANT<br>MICHAEL THOMAS CARRANZA |

     1.   This constitutes the plea agreement between MICHAEL THOMAS CARRANZA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the above-captioned Indictment, which charges defendant with conspiracy

1  to distribute, and possess with intent to distribute, at least 500
2  grams of a mixture or substance containing a detectable amount of
3  methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and
4  841(b)(1)(A).

5          b.   Not contest facts agreed to in this agreement.

6          c.   Abide by all agreements regarding sentencing contained
7  in this agreement.

8          d.   Appear for all court appearances, surrender as ordered
9  for service of sentence, obey all conditions of any bond, and obey
10 any other ongoing court order in this matter.

11         e.   Not commit any crime; however, offenses that would be
12 excluded for sentencing purposes under United States Sentencing
13 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
14 within the scope of this agreement.

15         f.   Be truthful at all times with Pretrial Services, the
16 United States Probation Office, and the Court.

17         g.   Pay the applicable special assessment at or before the
18 time of sentencing unless defendant lacks the ability to pay and
19 prior to sentencing submits a completed financial statement on a form
20 to be provided by the USAO.

21                    THE USAO'S OBLIGATIONS

22   3.   The USAO agrees to:

23         a.   Not contest facts agreed to in this agreement.

24         b.   Abide by all agreements regarding sentencing contained
25 in this agreement.

26         c.   At the time of sentencing, move to dismiss the
27 remaining counts of the indictment as against defendant.  Defendant
28 agrees, however, that at the time of sentencing the Court may

2

1   consider any dismissed charges in determining the applicable
2   Sentencing Guidelines range, the propriety and extent of any
3   departure from that range, and the sentence to be imposed.
4          d.   At the time of sentencing, provided that defendant
5   demonstrates an acceptance of responsibility for the offense up to
6   and including the time of sentencing, recommend a two-level reduction
7   in the applicable Sentencing Guidelines offense level, pursuant to
8   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
9   additional one-level reduction if available under that section.
10         e.   At the time of sentencing, move to dismiss any
11  information filed against defendant on pursuant to Title 21, United
12  States Code, Section 851.  Defendant agrees, however, that at the
13  time of sentencing the Court may consider the dismissed count of any
14  such information in determining the applicable Sentencing Guidelines
15  range, the propriety and extent of any departure from that range, and
16  the sentence to be imposed after consideration of the Sentencing
17  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).
18                        <u>NATURE OF THE OFFENSE</u>
19     4.   Defendant understands that for defendant to be guilty of
20  the crime charged in Count One of the Indictment, that is, conspiracy
21  to distribute methamphetamine in violation of Title 21, United States
22  Code, Section 846, the following must be true: First, on the dates
23  set forth in the Indictment, there was an agreement between two or
24  more persons to commit the crime of distribution of methamphetamine
25  in violation of Title 21, United States Code, Section 841(a)(1); and,
26  second, the defendant became a member of the conspiracy knowing of
27  this object and intending to help it.
28

                                    3

5.    Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine. Defendant admits that defendant, in fact, conspired to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, as described in Count One of the Indictment.

## PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), is: a lifetime term of imprisonment; a lifetime period of supervised release; a fine of $10 million or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Section 841(a), (b)(1)(A), as charged in Count One, is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised

4

1   release imposed, defendant may be returned to prison for all or part
2   of the term of supervised release authorized by statute for the
3   offense that resulted in the term of supervised release.

4       9.   Defendant understands that, by pleading guilty, defendant
5   may be giving up valuable government benefits and valuable civic
6   rights, such as the right to vote, the right to possess a firearm,
7   the right to hold office, and the right to serve on a jury.
8   Defendant understands that once the court accepts defendant's guilty
9   plea, it will be a federal felony for defendant to possess a firearm
10  or ammunition.  Defendant understands that the conviction in this
11  case may also subject defendant to various other collateral
12  consequences, including but not limited to revocation of probation,
13  parole, or supervised release in another case and suspension or
14  revocation of a professional license.  Defendant understands that
15  unanticipated collateral consequences will not serve as grounds to
16  withdraw defendant's guilty plea.

17      10.  Defendant understands that, if defendant is not a United
18  States citizen, the felony conviction in this case may subject
19  defendant to: removal, also known as deportation, which may, under
20  some circumstances, be mandatory; denial of citizenship; and denial
21  of admission to the United States in the future.  The court cannot,
22  and defendant's attorney also may not be able to, advise defendant
23  fully regarding the immigration consequences of the felony conviction
24  in this case.  Defendant understands that unexpected immigration
25  consequences will not serve as grounds to withdraw defendant's guilty
26  plea.

27

28

FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 13 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning no later than in December 2011, and continuing at least until April 2012, defendant and several co-conspirators knowingly and intentionally agreed with one another to distribute methamphetamine and cocaine throughout parts of California. Defendant became a member of this conspiracy knowing of this object and intending to help accomplish it.  In furtherance of the conspiracy, defendant would purchase methamphetamine and cocaine from various large-volume suppliers and then resell those drugs in and around Culver City, California.

In furtherance of the conspiracy, and within the Central District of California and elsewhere, defendant did the following on or about the following dates:

  - On January 25, 2012, defendant purchased a pound of methamphetamine from a large-volume supplier in Southern California (the "Meth Supplier").
  - On February 24, 2012, defendant, using coded language in a telephone conversation, contacted a cocaine supplier in Los

6

Angeles (the "Coke Supplier") and asked the Coke Supplier about the price for a kilogram of cocaine. Later that day, defendant purchased a kilogram of cocaine from the Coke Supplier in exchange for about $21,000.

- On March 8, 2012, defendant, using coded language in a telephone conversation, told the Meth Supplier that defendant owed the Meth Supplier past drug payments. Defendant also ordered more methamphetamine from the Meth Supplier. In further phone calls, defendant arranged to pick up methamphetamine from the Meth Supplier's stash house on Grape Street in South Los Angeles.

- Sometime around April 27, 2012, defendant complained to the Meth Supplier that the Meth Supplier's drug deliveries were smaller than what defendant had been ordering.

Throughout the course of the conspiracy, defendant conspired and agreed to purchase and redistribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine from his Supplier.

SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

7

Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate between the mandatory minimum and up to the maximum set
by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

Base Offense Level:                 32      [U.S.S.G. § 2D1.1(c)(4)]

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.  Defendant understands
that defendant's offense level could be increased if defendant is a
career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
offense level is so altered, defendant and the USAO agree that the
career offender guidelines should not apply and would result in a
sentence greater than necessary to serve the objectives of 18 U.S.C.
§ 3553.

14.   Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

15.   Defendant and the USAO agree that:

a.    Defendant did not use violence or credible threats of
violence or possess a firearm or other dangerous weapon (or induce
another participant to do so) in connection with the offenses charged
in the above-captioned indictment;

b.    The offenses charged in the above-captioned indictment
did not result in death or serious bodily injury to any person; and

8

1         c.    Defendant was not an organizer, leader, manager, or

2    supervisor of others in the offense charged in the above-captioned

3    indictment and was not engaged in a continuing criminal enterprise.

4        16.  The USAO agrees to not recommend a sentence of more than

5    120 months.

6        17.  At the time of sentencing, and consistent with the United

7    States Sentencing Commission's April 10, 2014 amendment to the Drug

8    Quantity Table found in subsection (c) of § 2D1.1, defendant and the

9    USAO will recommend that the Court impose a further two-level

10   downward variance from the otherwise-applicable Sentencing Guidelines

11   range.

12   <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

13       18.  Defendant understands that by pleading guilty, defendant

14   gives up the following rights:

15        a.    The right to persist in a plea of not guilty.

16        b.    The right to a speedy and public trial by jury.

17        c.    The right to be represented by counsel – and if

18   necessary have the court appoint counsel -- at trial.  Defendant

19   understands, however, that, defendant retains the right to be

20   represented by counsel – and if necessary have the court appoint

21   counsel – at every other stage of the proceeding.

22        d.    The right to be presumed innocent and to have the

23   burden of proof placed on the government to prove defendant guilty

24   beyond a reasonable doubt.

25        e.    The right to confront and cross-examine witnesses

26   against defendant.

27

28

1           f.    The right to testify and to present evidence in
2    opposition to the charges, including the right to compel the
3    attendance of witnesses to testify.

4           g.    The right not to be compelled to testify, and, if
5    defendant chose not to testify or present evidence, to have that
6    choice not be used against defendant.

7           h.    Any and all rights to pursue any affirmative defenses,
8    Fourth Amendment or Fifth Amendment claims, and other pretrial
9    motions that have been filed or could be filed.

10                     WAIVER OF APPEAL OF CONVICTION

11        19.   Defendant understands that, with the exception of an appeal
12   based on a claim that defendant's guilty plea was involuntary, by
13   pleading guilty defendant is waiving and giving up any right to
14   appeal defendant's conviction on the offense to which defendant is
15   pleading guilty.

16              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17        20.   Defendant agrees that, provided the Court imposes a total
18   term of imprisonment on all counts of conviction of no more than 120
19   months, defendant gives up the right to appeal all of the following:
20   (a) the procedures and calculations used to determine and impose any
21   portion of the sentence; (b) the term of imprisonment imposed by the
22   Court; (c) the fine imposed by the court, provided it is within the
23   statutory maximum; (d) the term of probation or supervised release
24   imposed by the Court, provided it is within the statutory maximum;
25   and (f) any of the following conditions of probation or supervised
26   release imposed by the Court: the conditions set forth in General
27   Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

28

1   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

2   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

3        21.  The USAO agrees that, provided all portions of the sentence

4   are at or above the statutory minimum and at or below the statutory

5   maximum specified above, the USAO gives up its right to appeal any

6   portion of the sentence.

7                    RESULT OF WITHDRAWAL OF GUILTY PLEA

8        22.  Defendant agrees that if, after entering a guilty plea

9   pursuant to this agreement, defendant seeks to withdraw and succeeds

10  in withdrawing defendant's guilty plea on any basis other than a

11  claim and finding that entry into this plea agreement was

12  involuntary, then (a) the USAO will be relieved of all of its

13  obligations under this agreement; and (b) should the USAO choose to

14  pursue any charge or any allegation of a prior conviction for a

15  felony drug offense that was either dismissed or not filed as a

16  result of this agreement, then (i) any applicable statute of

17  limitations will be tolled between the date of defendant's signing of

18  this agreement and the filing commencing any such action; and

19  (ii) defendant waives and gives up all defenses based on the statute

20  of limitations, any claim of pre-indictment delay, or any speedy

21  trial claim with respect to any such action, except to the extent

22  that such defenses existed as of the date of defendant's signing this

23  agreement.

24                      EFFECTIVE DATE OF AGREEMENT

25       23.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

11

## BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any allegation of a prior conviction for a felony drug offense that was either dismissed or not filed as a result of this agreement, then:

     a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

     b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

12

1          c.     Defendant agrees that: (i) any statements made by

2    defendant, under oath, at the guilty plea hearing (if such a hearing

3    occurred prior to the breach); (ii) the agreed to factual basis

4    statement in this agreement; and (iii) any evidence derived from such

5    statements, shall be admissible against defendant in any such action

6    against defendant, and defendant waives and gives up any claim under

7    the United States Constitution, any statute, Rule 410 of the Federal

8    Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

9    Procedure, or any other federal rule, that the statements or any

10   evidence derived from the statements should be suppressed or are

11   inadmissible.

12                 COURT AND PROBATION OFFICE NOT PARTIES

13        26.    Defendant understands that the Court and the United States

14   Probation Office are not parties to this agreement and need not

15   accept any of the USAO's sentencing recommendations or the parties'

16   agreements to facts or sentencing factors.

17        27.    Defendant understands that both defendant and the USAO are

18   free to: (a) supplement the facts by supplying relevant information

19   to the United States Probation Office and the Court, (b) correct any

20   and all factual misstatements relating to the Court's Sentencing

21   Guidelines calculations and determination of sentence, and (c) argue

22   on appeal and collateral review that the Court's Sentencing

23   Guidelines calculations and the sentence it chooses to impose are not

24   error, although each party agrees to maintain its view that the

25   calculations in paragraph 13 are consistent with the facts of this

26   case.  While this paragraph permits both the USAO and defendant to

27   submit full and complete factual information to the United States

28   Probation Office and the Court, even if that factual information may

                                   13

1  be viewed as inconsistent with the facts agreed to in this agreement,
2  this paragraph does not affect defendant's and the USAO's obligations
3  not to contest the facts agreed to in this agreement.

4      28.  Defendant understands that even if the Court ignores any
5  sentencing recommendation, finds facts or reaches conclusions
6  different from those agreed to, and/or imposes any sentence up to the
7  maximum established by statute, defendant cannot, for that reason,
8  withdraw defendant's guilty plea, and defendant will remain bound to
9  fulfill all defendant's obligations under this agreement.  Defendant
10  understands that no one -- not the prosecutor, defendant's attorney,
11  or the Court -- can make a binding prediction or promise regarding
12  the sentence defendant will receive, except that it will be within
13  the statutory maximum.

14  NO ADDITIONAL AGREEMENTS

15      29.  Defendant understands that, except as set forth herein,
16  there are no promises, understandings, or agreements between the USAO
17  and defendant or defendant's attorney, and that no additional
18  promise, understanding, or agreement may be entered into unless in a
19  writing signed by all parties or on the record in court.
20  ///
21  ///

14

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

30. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE YONEKURA
Acting United States Attorney

_____          8/18/15
CHRISTOPHER K. PELHAM              Date
Assistant United States Attorney

_____          11·24·2014
MICHAEL THOMAS CARRANZA            Date
Defendant

_____          11·24·2014
YOLANDA BARRERA                   Date
Attorney for Defendant Michael
Thomas Carranza


## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        30.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   STEPHANIE YONEKURA
    Acting United States Attorney

9

10  _____          _____
    CHRISTOPHER K. PELHAM                 Date
11  Assistant United States Attorney

12  _____          11-24-2014
    MICHAEL THOMAS CARRANZA               Date
13  Defendant

14  _____          11-24-2014
    YOLANDA BARRERA                       Date
15  Attorney for Defendant Michael
    Thomas Carranza
16

17

18

19                        CERTIFICATION OF DEFENDANT

20        I have read this agreement in its entirety.  I have had enough

21  time to review and consider this agreement, and I have carefully and

22  thoroughly discussed every part of it with my attorney.  I understand

23  the terms of this agreement, and I voluntarily agree to those terms.

24  I have discussed the evidence with my attorney, and my attorney has

25  advised me of my rights, of possible pretrial motions that might be

26  filed, of possible defenses that might be asserted either prior to or

27  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

28  of relevant Sentencing Guidelines provisions, and of the consequences

                                    15

1  of entering into this agreement.  No promises, inducements, or
2  representations of any kind have been made to me other than those
3  contained in this agreement.  No one has threatened or forced me in
4  any way to enter into this agreement.  I am satisfied with the
5  representation of my attorney in this matter, and I am pleading
6  guilty because I am guilty of the charges and wish to take advantage
7  of the promises set forth in this agreement, and not for any other
8  reason.

9

10 _____                    11-24-2014
   MICHAEL THOMAS CARRANZA                             Date
   Defendant

11

12

13              CERTIFICATION OF DEFENDANT'S ATTORNEY

14       I am MICHAEL THOMAS CARRANZA's attorney.  I have carefully and
15 thoroughly discussed every part of this agreement with my client.
16 Further, I have fully advised my client of his rights, of possible
17 pretrial motions that might be filed, of possible defenses that might
18 be asserted either prior to or at trial, of the sentencing factors
19 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
20 provisions, and of the consequences of entering into this agreement.
21 To my knowledge: no promises, inducements, or representations of any
22 kind have been made to my client other than those contained in this
23 agreement; no one has threatened or forced my client in any way to
24 enter into this agreement; my client's decision to enter into this
25 ///
26 ///
27 ///
28

                              16

1   agreement is an informed and voluntary one; and the factual basis set

2   forth in this agreement is sufficient to support my client's entry of

3   a guilty plea pursuant to this agreement.

4

      *Yolanda Barrera*            11-24-2014

5   YOLANDA BARRERA           Date
    Attorney for Defendant Michael

6   Thomas Carranza